IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2010 OCT -8  PM 2: 16

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

BARRY COOPER; CANDI COOPER; K.C., a
minor; K.C., a minor; C.L., a minor; and Z.J., a
minor,
                 **Plaintiffs,**

-vs-
                                       **Case No.  A-10-CA-548-SS**

WILLIAMSON  COUNTY  SHERIFF'S
DEPARTMENT, et al.,
                 **Defendants.**

## O R D E R

       BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and was greeted by a veritable mountain of motions to dismiss.  The Court specifically reviewed: Defendant State District Judge Paul Banner ("Judge Banner")'s Motion to Dismiss [#6]; Defendant Todd Tetfeller ("Tetfeller")'s Motion to Dismiss [#7];  Defendant Michael Martin ("Martin")'s Motion to Dismiss [#10]; Defendant Patricia Harrison ("Harrison")'s Motion to Dismiss [#15]; Defendant David Johnston ("Mr. Johnston")'s Motion to Dismiss [#17]; Defendant Tammy Gray ("Gray")'s Motion to Dismiss [#19]; Defendant Margaret Johnston ("Ms. Johnston")'s Motion to Dismiss [#21]; Defendants Williamson County Sheriff's Department and Williamson County Jail (the "Williamson County Agencies")'s Motion to Dismiss [#29]; Defendant Sheriff James Wilson ("Sheriff Wilson")'s Motion to Dismiss [#30]; Defendant Williamson County Sheriff's Office Sergeant Gary Haston ("Sgt. Haston")'s Motion to Dismiss [#31]; Defendant Williamson County ("Williamson County")'s Motion to Dismiss [#32]; and last—but certainly not least—Defendant



Upshur County Constable Russell Harris ("Constable Harris")'s Motion to Dismiss [#33]. After reviewing the motions, pausing to regain its strength, reviewing the relevant case law, and considering the file as a whole, the Court now enters this opinion and order.

## Background

The Court is hard-pressed to say exactly what this case is about. Plaintiffs Barry Cooper ("Mr. Cooper"), Candi Cooper ("Mrs. Cooper"), and minors K.C., a second K.C., C.L. and Z.J. (collectively, "Plaintiffs")'s Original Complaint alleges a conspiracy unfolding over the course of four years, and consisting of twenty named defendants—including three judges, one Texas city and its police department, one Texas county and two of its agencies, and state and local law enforcement agencies and officers—as well as unnamed defendants described as "all officers Involved [sic] in the March 2, 2010 raid on plaintiff's home." Plaintiffs' Original Complaint ("Compl.") [#1] at 1–3. Plaintiffs allege the conspiracy was motivated by Mr. and Mrs. Cooper's videos describing how to buy, sell, transport, and grow marijuana without being arrested, and their videos of attempted "sting operations" against law enforcement agencies. *Id.* at ¶¶ 6, 51. Plaintiffs claim the conspirators seized from them fifty tapes worth "millions of dollars," and that the tapes contained evidence of police corruption. *Id.* at 2. Plaintiffs further allege the conspirators "planned with each other to take Barry and Candi's 7-year old handicapped son." *Id.* Plaintiffs claim the conspiracy was "devised to maliciously prosecute and falsely imprison Barry and Candi for exercising their constitutional rights of Freedom of Speech and Religion." *Id.* Although Plaintiffs ask for forty million dollars in damages; return of their videotapes; the resignation of all officers involved; a temporary restraining order on all defendants; and a continuance in a custody hearing regarding minor Defendant Z.J., Plaintiffs also assert they will "drop this suit if all the officers involved are fired." *Id.* at 2–3.

Plaintiffs sue under 42 U.S.C. § 1983 for violations of their First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. *Id.* at 3. They also make claims for damages under the Texas Constitution and the Texas Tort Claims Act. *Id.* Finally, they assert "the common law causes of action of fraud, official oppression, false statement, false imprisonment, malicious prosecution and others." *Id.*

By the Court's count, thirteen of the named defendants filed motions to dismiss. All but one of the motions argues Plaintiffs' claim should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or for failure to state a claim under Rule 12(b)(6); Constable Harris urges dismissal on the grounds of *res judicata* and collateral estoppel.

Because the Court finds Plaintiffs' complaint fails to comply with the pleading requirements of Federal Rules 8(a)(2) and 9(b), it is thankfully unnecessary for the Court to address the merits of the Defendants' individual motions. For the following reasons, the Court DISMISSES WITHOUT PREJUDICE Plaintiffs complaint.

## Analysis

### 1.    Rule 8(a)(2), Rule 9(b), *Twombly*, and *Iqbal*

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). With due respect for Plaintiffs' pro se status, their complaint does not have even a passing acquaintance with the words "short," and "plain." It is thirty pages long, and most of the content has more to do with self-promotion than any legal claim the Court can decipher. For instance, Plaintiffs acknowledge that the contents of paragraphs 49–73 and 75–111 of the complaint—content spanning seven pages—are edited versions of two online articles about them. They outline in great and

needless detail their alleged "stings" against law enforcement agencies. They even include an
intriguing, yet ultimately irrelevant, allegation about Defendant Tammy Gray and a dragon. Compl.
at ¶ 13. What their complaint does not include are plain, brief statements explaining: what causes
of action they are pleading; against which defendants each claim applies; what facts support each
claim; what relief they are entitled to for each claim; and a brief explanation of why they are entitled
to such relief. A rambling and self-aggrandizing diatribe, sandwiched between conclusory and vague
claims of constitutional rights violations, is not sufficient to comply with Rule 8(a)(2).

Plaintiffs' complaint also alleges fraud. The Federal Rules of Civil Procedure contain a
heightened pleading requirement for allegations of fraud. Rule 9(b) states: "In alleging fraud or
mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice,
intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV.
P. 9(b). The Fifth Circuit has fleshed out this requirement, stating:

> [P]ursuant to Rule 9(b), articulating the elements of fraud with particularity requires
> a plaintiff to specify the statements contended to be fraudulent, identify the speaker,
> state when and where the statements were made, and explain why the statements
> were fraudulent . . . . Put another way, pleading fraud with particularity in this circuit
> requires time, place and contents of the false representations, as well as the identity
> of the person making the misrepresentation and what that person obtained thereby.

*ABC Arbitrage Plaintiff's Group v. Tchuruk*, 291 F.3d 336, 349 (5th Cir. 2002) (quotations and
footnotes omitted). Plaintiffs make at least one allegation of fraud against Mr. Johnston, but they
fail to sufficiently explain what, if anything, Mr. Johnston allegedly obtained as a result of his
misrepresentation, or when he made the alleged misrepresentation. The lamentable state of
Plaintiffs' complaint makes it impossible to tell if they intended to allege fraud against any other

defendant, so the Court merely cautions Plaintiffs that all future pleadings of fraud must comply with the heightened requirements of Rule 9(b).

Plaintiffs' final hurdle is perhaps the most difficult to overcome. As noted above, Rule 8(a)(2) requires a "short and plain" statement of Plaintiffs' claims. However, the statement cannot be too short: a complaint containing "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," is not sufficient and will not survive a motion to dismiss. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Generally, the allegations within a complaint will be accepted as true, and reasonable inferences will be resolved in favor of the plaintiff. *Id.* However, a plaintiff must plead "specific facts, not mere conclusory allegations," and a court is not bound to accept legal conclusions couched as factual allegations. *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994); *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If a complaint pleads facts that are "merely consistent with" a defendant's liability, it is likewise not sufficient and will not survive a motion to dismiss. *Id.*

Plaintiffs' complaint falls woefully short of the plausibility standard required by the Supreme Court in *Twombly* and *Iqbal*. One notable example is Plaintiffs' claim that "[t]he Odessa Police Department conspired with the Texas Rangers to illegally arrest and falsely imprison Barry and Candi because Barry and Candi embarrassed the Odessa Police Department by exposing their corruption." Compl. at ¶ 203. First, the allegations of conspiracy, illegal arrest, and false

imprisonment are legal conclusions masquerading as facts.  Second, the purported motives of the Odessa Police are conclusory and based on speculation.  Finally, the allegation is not plausible in light of Plaintiffs' admission that the police arrested Mr. and Mrs. Cooper pursuant to an arrest warrant.

Lest it be named as a co-conspirator in a future pleading, the Court hastens to point out that it is not dismissing Plaintiffs' claims because it does not find them credible.  Indeed, even if the Court was inclined to venture an opinion—and it is not—Plaintiff's complaint is so haphazard that the Court would not know how to assess it.  And that is exactly the problem: because the complaint is too imprecise for the Court to determine what specific claims are being leveled against which specific defendants based on what specific conduct, the Court is unable to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S.Ct. at 1949. Consequently, the Court must dismiss Plaintiffs' complaint because it does not comply with Rule 8(a)(2).

## 2.     Rule 11

Federal Rule of Civil Procedure 11 states in part:

By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(b). Plaintiffs are advised to scrutinize Rule 11(b) with the same intensity they use to monitor the conduct of law enforcement personnel. Plaintiffs may also wish to peruse the sanctions in Rule 11(c). But in any event, if the Court is subjected to another complaint like the one presently before it, Plaintiffs can rest assured they will become intimately familiar with the contents of that Rule. To be clear: If the Court finds Plaintiffs' subsequent pleadings factually baseless, legally frivolous, motivated by improper purpose, or not in substantial compliance with this order, the Court will be strongly inclined to sanction Plaintiffs by making them pay the attorneys' fees for all of the defendants. The Court has no desire to discourage claims that have merit; but it will not abide those that do not.

## Conclusion

In accordance with the foregoing, Plaintiffs' complaint is DISMISSED WITHOUT PREJUDICE; all of the Defendants' motions are now moot and likewise DISMISSED WITHOUT PREJUDICE.

If Plaintiffs choose to refile, the Court orders them to do the following: (1) conduct a reasonable investigation to insure every fact they allege has, or will likely have, evidentiary support; (2) conduct a reasonable investigation to insure all claims are warranted by existing law or a nonfrivolous argument for departing from existing law; (3) for each included claim, briefly identify what law it is based on, who it is brought against, its factual justification, what relief is sought, and why that relief is legally justified; (4) omit from their complaint any information that is unnecessary to comply with the pleading requirements of the Federal Rules of Civil Procedure, the relevant case law, the Local Rules for the Western District of Texas, or this Court's orders.

Accordingly,

IT IS ORDERED that Plaintiffs' Complaint [#1] is DISMISSED WITHOUT PREJUDICE;

IT IS FURTHER ORDERED that Plaintiffs have TWENTY (20) DAYS to amend their complaint or their case will be dismissed.

IT IS FINALLY ORDERED that Defendants' Motions to Dismiss [#6], [#7], [#10], [#15], [#17], [#19], [#21], [#29], [#30], [#31], and [#32] are DISMISSED WITHOUT PREJUDICE.

SIGNED this the _8th_ day of October 2010.

_Sam Sparks_
SAM SPARKS
UNITED STATES DISTRICT JUDGE